**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Brent Watkins, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Convergent Outsourcing, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Brent Watkins, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA"), and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00 et seq. ("MDCR").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Brent Watkins ("Plaintiff"), is an adult individual residing in Danvers, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by 940 CMR § 7.03.

5. Defendant Convergent Outsourcing, Inc. ("Convergent"), is a Washington business entity with an address of 800 South West 39th Street, Renton, Washington 98055, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined by 940 CMR § 7.03.

6. Does 1-10 (the "Collectors") are individual collectors employed by Convergent and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Convergent at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Convergent for collection, or Convergent was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Convergent Engages in Harassment and Abusive Tactics

12. In or around November 2015, Convergent contacted Plaintiff in an attempt to collect the Debt.

13. Convergent called Plaintiff from telephone number 617-603-1356.

14.     Convergent placed excessive collection calls to Plaintiff's cellular phone of at least four calls per week.  For example, Convergent called Plaintiff on November 5th, 6th, 9th and 10th of 2015.

15.     When Plaintiff answered Convergent's calls, he would hear music or a pause before the call would drop off.

16.     Convergent called Plaintiff again on November 13, 2015.  Plaintiff returned the call and spoke to a Convergent representative named Amul Jackson.

17.     On the November 13, 2015 call, the initial debt collection communication with Plaintiff, Convergent failed to disclose that Convergent was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

C. **Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt and that any information obtained would be used for that purpose.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq. and MASSACHUSETTS DEBT COLLECTION REGULATIONS, 940 CMR § 7.00 et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

29. The Defendants engaged the Plaintiff in communication via telephone, initiated by the Defendant, in excess of two calls in each seven-day period at the Plaintiff's residence and two calls in each 30-day period other than at the Plaintiff's residence, for each debt, in violation of 940 CMR § 7.04(1)(f).

30. The Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and 940 CMR § 7.00 et seq. and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

31. On February 4, 2016, Plaintiff, through counsel, sent Defendant a written pre-suit demand detailing his M.G.L. c. 93A § 9 claims. Plaintiff's claim has not been resolved.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);
5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
7. Punitive damages; and
8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 18, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff